Guzmán, Appellant, *v.* Vidal, Respondent.

Appeal from the District Court of San Juan, Section 1.

No. 915.—Decided June 25, 1913.

Rape—Action for Damages—Sufficiency of Complaint—Conviction of Defendant.—In order to maintain an action for damages for rape it is not

necessary that the defendant shall have been found criminally guilty of said crime. Therefore a complaint which alleges the commission of the crime without stating that the defendant had been tried and convicted is sufficient.

ID.—ACTION FOR DAMAGES—CIVIL AND. CRIMINAL ACTIONS SEPARATE.—A civil action for damages for rape is not subordinate to the criminal action, but they are entirely independent and may be maintained separately.

CIVIL LIABILITY ARISING FROM CRIMES—CONSTRUCTION OF LAW.—Since the amendment of section 1059 of the Revised Civil Code by the Act of March 10, 1904, civil liabilities arising from crimes or misdemeanors are governed, by analogy, by the provisions of section 1803 of said Civil Code.

PRESCRIPTION—ACTION FOR DAMAGES.—A civil action for damages for rape comes under the provisions of section 1869 of the Revised Civil Code; hence the right of action prescribes in one year.

The facts are stated in the opinion.

*Messrs. Iriarte* and *Iriarte* for appellant.

*Mr. Rafael F. Ferrer* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 31, 1912, Carmen Guzmán, represented by the Attorneys Iriarte Brothers, filed a complaint in Section 1 of the District Court of San Juan for the sum of $10,000 damages, alleging the following as the grounds of her action:

*First.* That plaintiff was an unmarried, chaste and virtuous woman at the time her present cause of action originated.

*Second.* That on May 15, 1909, the defendant, Teodoro Vidal *alias* Lolo, in a house in the ward of Puerta de Tierra, committed a violent and indecent assault on the person of the plaintiff and then and there, taking advantage of his superior strength, iniquitously defiled and raped her, compelling her by force to. have carnal intercourse with him.

*Third.* That as a consequence of such carnal intercourse with the defendant the plaintiff became pregnant on that date and remained so for several months, until finally on December 15, 1909, she gave birth to a child which was named Angel Manuel.

*Fourth.* That during her pregnancy and as a consequence thereof the plaintiff became seriously ill and her recovery was miraculous.

*Fifth.* That as a result of the foregoing facts the plaintiff has suffered and still suffers great mental anguish by reason of the loss of her virginity, purity and good reputation and has sustained and still sustains damages estimated in the sum of $10,000.

The defendant, Vidal, demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action, and that, even if the demurrer were overruled on that ground, the plaintiff's right of action had prescribed in accordance with subdivision 2 of section 1869 and section 1870 of the Civil Code in connection with section 37 of the Code of Civil Procedure.

The court sustained the general demurrer on the ground of the insufficiency of the facts to determine a cause of action and, consequently, by a judgment of May 13, 1912, entered two days later, dismissed the complaint without imposing the costs on either party. From this judgment counsel for the plaintiff appealed to this court.

The judgment appealed from is based on the ground that the law applicable to the case is section 192 of the Revised Civil Code, according to which, in order that an indemnity may be recovered for the offense of rape it is a necessary requisite that the offender shall have been found guilty of said crime on a criminal charge, which is not alleged in the complaint, and that the Civil Code contains no other provision authorizing such indemnity inasmuch as section 1803 of the said code is not applicable to the case.

Article 135 of the Spanish Civil Code, which was in force in Porto Rico until July 1, 1902, after establishing two cases in which the father is obliged to acknowledge the natural child concludes with the provision that in *cases of violation, ravishment or rape the provisions of the Penal Code shall be observed with regard to the acknowledgment of the issue.*

Section 468 of the Penal Code referred to is as follows:

"Section 468. Those guilty of rape, seduction, or abduction shall be condemned also, by way of indemnification—

"1. To endow the injured woman, if she were unmarried or a widow.

"2. To emancipate her if she were under his servitude.

"3. To acknowledge the offspring if the character of its origin should not prevent it."

The Spanish Civil Code was substituted by the Revised Civil Code and the latter does not contain the provision transcribed from section 135 of the former, but contains the following under section 192:

"In cases of violence, rape, or ravishment, the party guilty of either of these crimes shall incur the responsibility of indemnifying the offended person in the following manner:

"1. Shall indemnify the offended person, if she be single or a widow.

"2. Shall recognize the offspring, if any."

The foregoing section remained in force until the approval on March 9, 1911, of Act No. 73, to amend Chapters III and IV of Title VII, Book First, of the Civil Code, comprising sections 187 to 197, inclusive, of said code, by which act the provision of section 192 quoted was repealed. But in accordance with section 3 of the same code its repeal cannot prejudice rights of the plaintiff arising from an act committed prior thereto.

Said section 192 can have no wider scope than that covered by its literal text, which is that in cases of violation, rape, or ravishment the party guilty of either of these crimes shall incur the responsibilities fixed therein. It does not say whether, in addition to such responsibilities, others may be imposed, nor does it provide when and in what form the civil action should be brought to fix them, nor interdict the bringing of such civil action until a criminal action has been prosecuted for the offense and a judgment of conviction rendered against the criminal.

The Legislature could not possibly have intended to establish the said responsibilities to the exclusion of all others, for the crime of rape may carry with it as a consequence not only the loss of the woman's honor but physical injuries to her person and also moral sufferings and illness, which also might be a cause for indemnity. Moreover, section 192 is limited to allowing indemnity to the injured person if she be unmarried or a widow and makes no provision in case she should be a married woman, who should have the same right to indemnity as a spinster or a widow. The responsibility established by section 192 to indemnify the injured woman in case of rape is not the only liability which the offender may incur, and it is not essential that he be tried and convicted of said crime previously, as this would be in open conflict with section 2 of the Code of Civil Procedure, which provides that when the violation of a right admits of both a civil and a criminal remedy the right to prosecute the one is not merged in the other. The bringing of such an action is subject only to the express limitations of statutory law.

Therefore, the complaint is not defective by reason of its failure to allege that the defendant had been convicted of the crime of rape, but contains all the facts necessary to constitute the cause of action referred to in sections 1059 and 1803 of the Revised Civil Code.

Section 1059 of the Revised Civil Code originally provided that civil obligations arising from crimes or misdemeanors shall be governed by the provisions of the Penal Code; but this was amended by the Act of March 10, 1904, to read as follows:

"Section 1059. Civil obligations, arising from crimes or misdemeanors, shall be governed by the provisions of this code."

Section 1803 of said code reads:

"A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done."

In deciding the case of *Zalduondo* v. *Sánchez,* 15 P. R. R., 216, where Zalduondo brought an action against Sánchez to recover damages for assault, in considering the allegation of the defendant that the civil action brought by the complainant does not éxist in Porto Rico, we said:

"The Penal Code which was in force in this Island until July 1, 1902, provided in section 16 thereof that every person criminally responsible for a crime was likewise civilly liable, and in section 119, upon enumerating the matters which may be reached by civil action, mentions the recovery of damages."

In accordance with these principles, the Law of Criminal Procedure, which was in force until that date, provided in its article 100 that a criminal action arises from every crime or misdemeanor for the punishment of the culprit, and a civil action may also arise for the restitution of the thing, the repair of the damage, and the indemnity of the losses caused by the punishable act.

Ordinarily the civil action and the criminal action were brought jointly, in accordance with articles 108 and 650 of the said code; but article 111 recognized the right to institute such actions either jointly or separately with the limitation that while the penal action was pending the civil action could not be brought separately until a final judgment had been rendered in the former, subject, however, to the provisions of articles 4, 5 and 6 of said code.

Thus it will be seen that a civil action to recover damages and an indemnity for injuries resulting from a criminal act was recognized by the Penal Code and the Code of Criminal Procedure which were in force until July 1, 1902, and the same action was authorized by article 1902 of the old Civil Code in accordance with articles 1089 and 1092 thereof.

Under our present laws, penal and civil actions arising from a crime are entirely independent and can never be brought jointly. The *fiscal* only can institute a criminal action

and the exercise of the corresponding civil action is reserved to the party interested.

The right to bring both actions is recognized by section 2 of the Code of Civil Procedure, which reads:

"When the violation of a right admits of both a civil and a criminal remedy, the right to prosecute the one is not merged in the other."

Articles 1089, 1092 and 1902 of the old Civil Code have been reenacted in the Revised Civil Code as sections 1056, 1059 and 1803.

Therefore, both under the old legislation and that now in force, when a person is violently assaulted without any justification for such assault or without any previous provocation, it is evident that such person has a right to bring a civil action for any damage or injuries which he may have suffered thereby.

It has been established, then, that the right to bring a civil action for the reparation of injuries or indemnity for damages has been recognized by sections 1056, 1059 and 1803 of the Revised Civil Code, and inasmuch as we find no reason to annul or modify the same, this doctrine is applicable to the present case.

In construing section 1803 of the Revised Civil Code in the manner stated, we have applied section 1059 of the Revised Civil Code as amended by the Act of March 10, 1904, which section did not appear in that form in the Spanish Civil Code.

The Legislature knew that there were civil liabilities resulting from crimes or misdemeanors, and as there were no provisions in the Penal Code then in force governing them, enacted that the same should be governed by the provisions of the Revised Civil Code.

In the case of *Zalduondo* v. *Sánchez* this court applied section 1803 of the Revised Civil Code so as to carry into effect

the intent of the Legislature, because however much we may agree with the learned commentator Manresa that article 1902 of the Spanish Civil Code, reenacted in section 1803 of the Revised Civil Code, refers to a person who by an act or omission causes damage to another when there is fault or negligence not of a criminal nature, we were of the opinion that section 1803 of the Revised Civil Code also was applicable to a case where damages were caused by a crime or misdemeanor punishable by law, for the reason that section 1059, providing that civil obligations arising from crimes or misdemeanors should be governed by the provisions of the Penal Code, was substituted by another section providing that said obligations should be governed by the provisions of the Revised Civil Code.

The provisions of the Revised Civil Code cannot be other than those contained in section 1803 hereinbefore cited, which section has been applied by us for the reason that the ground of the liability arising from fault or negligence not of a criminal nature and that arising from crimes or misdemeanors are the same.

Said ground regarding liabilities arising from fault or negligence is described by Manresa in commenting upon section 1902 of the Spanish Civil Code, which is similar to section 1803 of the Revised Civil Code, as follows:

"The said liabilities are based upon an indisputable principle of justice which is recognized by all legislatures, and sanctioned by the first article of this chapter, according to which all injury, loss, or damage to the rights of a person, whether by act or omission, creates a juridical relation from which is derived the right of the injured party to be indemnified and the corresponding liability on the part of the wrongdoer."

Such is likewise the origin of liabilities arising from crimes or misdemeanors.

We also followed the same doctrine in the case of *Díaz* v.

*The San Juan Light and Transit Company,* 17 P. R. R., 64, where we said:

"Although section 1803 of the Revised Civil Code is the same as article 1902 of the Spanish Civil Code, by reason of the political change brought about in the Island and the establishment of the new penal system, the provisions thereof had and still have a wider range of application and afford a basis for the exercise of civil actions arising from *quasi-criminal* fault and negligence, and the exercise of actions resulting from criminal fault and negligence."

The question now presents itself: Has the action for damages prescribed by virtue of section 1869 of the Civil Code? Said section reads as follows:

"Section 1869. The following prescribe in one year:
"1. Actions to recover or retain possession.
"2. Actions to amend civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1803, from the time the aggrieved person had knowledge thereof."

Applying section 1059 of the Revised Civil Code as amended by the Act of March 10, 1904, we have shown that section 1803 of the said code refers generally to obligations arising from fault or negligence whether these be criminal or not; and as a logical consequence thereof it follows that a civil action arising from the crime of rape is included in those actions which, under section 1869, prescribe in one year.

The crime of rape upon which the plaintiff bases her action for loss and damages was committed on May 15, 1909, and her complaint was filed on January 31, 1911.

In view of the foregoing we are of the opinion that although the facts alleged in the complaint are sufficient to constitute a cause of action for damages, said action had prescribed because the period within which it should have been brought had expired.

·The judgment should be affirmed in so far as it dismisses the complaint, without imposing the costs on either party.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred. Motion for rehearing withdrawn.